Just wait a minute, let everyone get settled. May it please the Court, Linn Energy purchased an underground resources and equipment coverage endorsement that is unique to energy companies, and that UREC, I'll call it the UREC, specifically covered physical injury to groundwater arising out of Linn's oil and gas operations. Linn has now been sued for groundwater pollution in a natural gas field. Liberty's burden, the insurer's burden, is to show that notwithstanding the UREC, that Liberty's interpretation is the only reasonable interpretation of the policy. And because Liberty relies on an exclusion to reach that result, Liberty must additionally show that the exclusion clearly and unambiguously prevails over the UREC by its terms. And that's this Court's decision in Primrose, City of College Station, and the Texas Supreme Court's decisions in Evanston and in Hudson Energy. Linn's burden is merely to show that it has one reasonable interpretation of the policy, even if Liberty's interpretation is more reasonable or more in accord with the party's intent. This is a case involving two dueling endorsements, one that excludes coverage and one that provides coverage for the hazard that's at issue in this case. It can't be seriously disputed that both the UREC and the pollution exclusion facially encompass the polluted groundwater claims in this case. And it can further not seriously, and it's really not disputed, that neither Linn's interpretation nor Liberty's interpretation renders any provision wholly superfluous. But the district court below improperly stopped its analysis after it determined that Liberty's interpretation did not render the UREC completely superfluous. It then said Liberty wins. But that principle, which we call the total nullification principle in our brief, is nowhere found in Texas law. Most would show that Liberty's interpretation is one reasonable interpretation. It doesn't show that Linn doesn't have a reasonable interpretation, nor does it show that Liberty's As a result, the district court failed to reach the crucial question that's before this court under Texas law. And that is, when you have dueling endorsements, does the exclusionary endorsement clearly and unambiguously subject the coverage-adding endorsement to it? Those cases from this court that are consistent with that rule are this court's decision in Magic Years and this court's decision in Primrose. Taking Magic Years first, that involved a mental and physical abuse endorsement that added coverage. And countervailing that was an assault and battery exclusion. And the court held that the physical and mental abuse endorsement would prevail over the assault and battery exclusion, even though the assault and battery exclusion did not completely nullify the physical and mental abuse endorsement. And on page 89 of Magic Years, the court said that the coverage-adding endorsement would prevail because it was rendered, quote, meaningless with respect to physical abuse. In other words, it was not meaningless with respect to mental abuse, but the court still allowed the coverage-adding endorsement to trump the exclusionary endorsement, even though there was no total nullification of the coverage-adding endorsement. As I recall in your brief several times, you emphasized that the total pollution refers to pollution only, that the UREC is not limited to pollution, but all damage to the listed properties. My question is, is there a way to get around the essentially everything covered by saying that there could be damage to subsurface water other than by pollution, and so rectify the TPE and the UREC? Yes, I think that's what the district court did, but that does not answer the question whether, and the question before the court, in our view, is whether the exclusionary endorsement clearly and unambiguously subjects the coverage-adding endorsement. And in the Primrose case, which this court decided in 2004, the court said that that has to be something expressed in the policy. In other words, the coverage-adding endorsement would have to say, this is subject to all other endorsements, or this is subject to the total pollution exclusion. We don't have that there. And Judge Wiener, your question, let's just assume it's correct, and actually we do concede that there are other things that the UREC covers besides pollution. We concede that point. But that just shows that Liberty's interpretation doesn't render the UREC completely superfluous. But our interpretation also doesn't render the pollution exclusion completely superfluous. The pollution exclusion would continue to apply to air pollution, soil pollution, any kind of pollution that doesn't arise out of Linn's oil and gas operations. So at most, that finding of the district court leads to the conclusion that the insurer has one reasonable interpretation. For them to show that their interpretation is the only reasonable one, Primrose teaches that the exclusionary endorsement would have had to clearly and unambiguously subject the coverage-adding endorsement to it. Well, you can't get any more all-inclusive than all. So the TPE covers everything, correct? The TPE- As far as pollution is concerned. If you had just the TPE in a vacuum, you would say this policy doesn't cover any pollution. Correct. Correct. When you go to the UREC, it says that the policy does cover subsurface water and among other things. And that's what I want to be able to understand under Texas insurance law, why this doesn't mean that the two exclusions can coexist. And the TPE excludes pollution damage to water, but not any other kind of damage to water so they can coexist. I understand that question. I think this Court's decision in Primrose is instructive on that point because that also involved a pollution exclusion. And it involved something that covered property damage caused by saline. It had a coverage-adding endorsement for saline. The saline coverage did not say this covers pollution caused by saline. And the Court nonetheless said that the exclusionary endorsement in Primrose did not trump the saline endorsement because what would be required of the insurer there is to say in so many words or at least by a clear inference that the pollution exclusion covers, it trumps, it overwhelms the underground resources and equipment coverage or in that case the saline endorsement. We don't have that here. And what I think is particularly, and let me just go back to Magic Years as well because in that case, applying that to your question, you had the assault and battery exclusion. If you looked at that exclusion in isolation, boy, no assault and batteries are covered. But the Court then looked at the physical and mental abuse endorsement and it said the way to read these together is to cover physical and mental abuse and to not carve out assault and battery from those claims. So when you have two dueling endorsements, the way to reconcile them is in favor of the insured. And let me be clear that the UREC here does not just blandly cover underground resources and equipment. It says that the insurer will pay for property damage to groundwater. Property damage is defined as physical injury to groundwater. In footnote two of our reply brief, we spell out in great detail every court that we found that addressed this issue has held that physical injury to groundwater includes pollution. So by its terms, the UREC specifically covers, on its face, pollution to groundwater. So you have a direct conflict with the pollution exclusion. And the next important point I think that... Excuse me, before you leave that, I'm not following you. You can straighten me out. In looking at the TPE, I see where it says exclusion for bodily injury and property damage is replaced by this and then the pollution F1 bodily injury or property damage would not have occurred but for actual threat and discharge of pollutants. Where is water mentioned? I thought I heard you say that it expressly covers water. No, Your Honor, I was referring to the UREC, the coverage adding endorsement, which is behind the last tab of your record excerpts. And that specifically covers physical injury. I know it does. Yes. And I think another important point here is that the parties knew how to subject one endorsement to another. If you look at the time element endorsement, which is at page 100 in your record excerpts, this is what it says at the very beginning of the time element endorsement. Quote, the terms of this endorsement are subject to all of the provisions not expressly modified in the endorsement. In other words, that's a subservient endorsement to everything else. Now, if we had something like that in the UREC, this would be a very different case and I think Judge Wiener's question would be directly on point. Then you would have the TPE preventing pollution coverage unless the UREC came out and overrode the TPE. But we don't have that in the TPE. We have it in another provision, which shows that the parties know how to add, how to subject one endorsement to another. So the test then is not what the district court held. The district court held that so long as one exclusion does not completely nullify a coverage adding endorsement, then you can read them together and we're all happy and the insurer wins. As I said, Texas law, the test is whether the exclusionary endorsement clearly and unambiguously subjects the coverage adding endorsement to it. That's this Court's holding in Primrose. That's very clear from the Texas Supreme Court cases in Evanston and Hudson Energy. The district court just didn't get to that point. It never addressed that question. And finally, I would like to emphasize a particular point in the Evanston case, which is the governing Texas Supreme Court law on this point. It says that when you have two dueling clauses, that policies, quote, should be read to provide the broader measure of coverage available under the applicable clauses. So you have a UREC, which everybody recognizes, covers physical injury to groundwater, which includes pollution. You have a pollution exclusion that prohibits pollution coverage. On the face of those endorsements, there's no way to reconcile them. One doesn't cross-reference another. They both have the exact same heading at the top of the endorsement. They both just say, this endorsement changes the policy. One is not subjected to the other. So at that point, Evanston instructs the court to give the broader measure of coverage available under the applicable clauses. And that is particularly a reasonable interpretation when you remember that the parties knew how to put a clause at the beginning of an endorsement that subjected one to the other. And if there are no further questions at this point, I'll save my rebuttal time. Yes, you've saved time for rebuttal, Mr. Street. Thank you. Mr. Cole? Thank you. May it please the court. Rob Cole for Liberty Mutual Insurance Company. To be clear, Lynn is asking you to fundamentally change Texas law as it applies to insurance policy interpretation. And it would result in a massive expansion of coverage to policyholders. And they're basically asking you to adopt a rule that says any time you have an exclusion that bars coverage for a claim that otherwise falls within an endorsement, the exclusion is trumped, the endorsement supersedes the exclusion. Well, these are both endorsements. Correct. But they would say that as long as you get to the endorsement, if the endorsement It's actually not whether the endorsement adds coverage, because as I'm going to explain in a minute, the UREC here doesn't add coverage for groundwater pollution claim. And Mr. Street was careful to say the UREC encompasses the claim. They would say whenever an endorsement encompasses a claim, the exclusion has to fall away, whether the exclusion is in the policy, an endorsement, or anything else, the endorsement trumps. That's not Texas law. It also wouldn't make sense under the facts present here. And so just to talk briefly about the facts here, they're asking you to believe that the parties here adopted a very broad total pollution exclusion endorsement. As Judge Wiener said, it applies to everything, that they adopted that exclusion, that they adopted, but they didn't intend that exclusion to apply to a large category of pollution claims, groundwater pollution claims. That simply doesn't make sense. They also would ask you to believe that the parties intended that the UREC would supersede the total pollution exclusion and the time element endorsement, even though the UREC doesn't mention either one of those endorsements, and it doesn't mention pollution, but it does mention the specific exclusion that it does trump, which is the exclusion J4 of the policy that applies to personal property in the care, custody, or control of the policyholder. Those contentions don't make sense, and so it shouldn't be surprising that they don't follow established Texas law. And there are two key principles I wanted to talk about with regard to insurance policy interpretation under Texas law. The first key principle, unambiguous contract provisions have to be given their plain meaning without regard to all of the pro-policyholder rules of construction that you heard from Mr. Street. And as this court said in Matador, a court will not strain to find ambiguities if in doing so it would defeat the probable intention of the parties. Well, here the intention couldn't be clearer. The parties adopted two and only two pollution-specific endorsements, the total pollution exclusion endorsement and the time element endorsement, and how those endorsements operate shouldn't be controversial. The total pollution exclusion excludes all pollution claims unless Lynn can satisfy the limited carve-out provided in the time element endorsement. And they admit here that the claim falls in the scope of the pollution exclusion, and they admit here that they cannot satisfy the limited carve-out provided by the time element endorsement. That really should end the analysis. The UREC doesn't change that at all, which brings me to the second key point. Do the two endorsements conflict? They do not, because the UREC does not add coverage for groundwater pollution. The fundamental premise of their entire brief and their entire argument is that the parties adopted the UREC to add coverage for groundwater pollution, and that's why the UREC conflicts or is dueling with the pollution exclusion. Well, it certainly added groundwater as a covered element. Well, the UREC actually does – there are five subsections of the UREC. The first – and I'm actually not going to do this in order, because I'll start with the last subsection, which is the definition. And Lynn relies on that definition. It is the only thing that they rely on to suggest that the UREC added coverage for groundwater pollution.  It simply defines the term. So you have to look elsewhere to see where that term is used to see if groundwater pollution coverage is added. Well, the UREC – the words underground resources and equipment hazard are used two other times in the UREC. The first time is in adding a sublimit for – an aggregate sublimit for claims that fall within the definition. Well, adding a sublimit to a group of claims doesn't add coverage for those claims. It simply sublimits them. The second place the UREC is used is in Section B, which – where the words underground resources and equipment are used – are in Section B. Section B amends the exclusion J4 that applies to personal property in the care, custody, or control of the policyholder. Well, no one's arguing that groundwater pollution was in the care – is personal property that was in the care, custody, or control of the policyholder. That's it. Those are the three places where underground resources and equipment hazard are mentioned in the UREC and in the entire policy. None of those things add coverage for groundwater pollution. And that is the fundamental premise upon which their entire argument is based. But again, the two – where it says underground resources include property damage to the following, and one of them is water. So UREC does expressly cover damage to water. It doesn't mention pollution. And the question is, without any of the warnings or headings or everything, does the fact that pollution is not mentioned in the UREC and is in the TPE mean that the only thing that's covered by the UREC for water is damages caused by anything other than pollution? I think there are two answers to that question. The easy answer is, yes, that's exactly correct. That the way an exclusion is read with a coverage provision, whether in an endorsement or the policy itself, is you see whether the claim falls in the coverage, then you see if the exclusion applies. If the exclusion does apply, then the last step is you determine whether applying that exclusion would render the coverage provision meaningless or illusory. And that's my question. And here it would not. And because Primrose used the term essentially, it didn't say 100 percent, so does it essentially render it useless or void? No. Because – But what else can happen to water? Well, you can have – so you can have a depletion of a reservoir, which is exactly what the Court said in Mesa. You can have – Wait. You can have what? A depletion of a – you can lose the water, effectively. And the same thing can be true of gas. That's – in Bayrock, the claim was that the gas was lost. And so there is things that can happen for which there is still coverage under the UREC. And I would say you could still be covered for pollution under the UREC as long as you satisfy the requirements of the time element endorsement. So both pollution and non-pollution claims would be covered under the UREC. And so it's not rendered meaningless or essentially meaningless. I still want to go back to your first – And you could also have, like, conversion or – conversion of the water, right? Correct. That's right. A tort. That's right. And I still want to go back to the premise, because I think it's important that we don't lose that premise. The definition that you cited of the UREC, the damage to oil, et cetera, water, is not a provision that adds coverage. The UREC doesn't say the parties are adding coverage for damage to soil, water, gas, et cetera. It simply – it defines the UREC, which is the language that you cite, but that is just a definition. You have to look at where the term is used. And where the term is used is in only two places, adding a sublimit and eliminating the exclusion J-4. Neither of those two things add coverage for groundwater pollution. I think it's important to look at the way Texas courts would interpret this case, the proper analysis under Texas law. Texas courts take a three-step process in analyzing a coverage claim.  I think it's also opposite that there needs to be a flagging, if that's the right – if you get what I'm talking about. I do. And yes, I do. I think this Court said clearly in Penhouse that simply saying one endorsement is subject to another is not required. That in reality, the rule is all provisions of a policy, including endorsements, must be read together where possible. And adding a header like the one that was suggested is not required. That's exactly what this Court said in Penhouse. And if you look at some of the cases that were talked about by Mr. Street, the – in MAGIC years, the Court applied an exclusion to what they would deem a coverage-adding endorsement without saying one was subject to the other. In MESA, the Court did the same thing. In Allstate-Texas-Lloyd, the Court did the same thing. The courts in Texas don't require you to say that every endorsement is or is not subject to another endorsement when they can be read together as they can here. And I would add that it wouldn't have made sense here to suggest that the pollution exclusion or that the UREC was or was not subject to the pollution exclusion. For the reasons I just described, the pollution exclusion covers pollution claims. The UREC doesn't mention pollution at all, and it doesn't add coverage for pollution. Why would the party suggest that one of those provisions was or was not subject to the other? If that was the rule, every provision of a policy would have to say that it's subject or not subject to every other provision. Insurance policies are obviously not the simplest of documents all the time. If you had to do that, they'd be 10,000 pages long, and I'm not sure they'd be any clearer. The test under Texas law is a – is a three-step test. First part of the test is, does the – for duty to defend purposes, which is what we're talking about here, does the claim arguably fall within the scope of coverage? Question one. That's undisputed here. The answer is yes. We do not challenge the fact that underground – I'm sorry, that damage to groundwater would be covered under the coverage terms of the policy. Frankly, they would be covered under the definition of property damage whether there was a UREC or not. So the claim itself falls within the coverage grant of the policy. Second question under Texas law, does an exclusion apply? That's not in dispute here. An exclusion does apply. The total pollution exclusion applies on its face. That has been conceded. Step three, would applying the exclusion render a coverage provision meaningless or illusory? And that is the test that has been cited over and over again. Is there an irreconcilable conflict defined as would a provision be rendered illusory or meaningless? And the answer here, again, is undisputed, no. There is no provision of the UREC, not one word, not a provision, not a subsection, nothing in the UREC that's rendered meaningless or illusory as has been defined by Texas cases for decades. This Court said in Canutillo, there's a conflict where one provision would wholly impugn another provision. Well, they've conceded that's not the case. This Court said in Canutillo and the State Court said in primary plumbing, if you can posit claims that would be covered under the coverage grant, even that applying the exclusion, you still would have claims that would be covered, that it's not rendered meaningless. Well, again, that's been conceded. There are both pollution and non-pollution claims that would be covered here under the UREC and with the total pollution exclusion applying. And so this standard cannot be met. Which brings us to their test, right? I'd say the Texas test is clear, and it's those three steps. They also have a three-step test. And step one of their test is that, well, sorry, let me go back. I think we have to figure out what the test is, because the test changed a couple of times. In the trial court, they argued that there were two different tests, one that applied to irreconcilable conflicts and one that applied if a provision was rendered meaningless or illusory. Well, Texas courts don't recognize those two different tests. They're all part of the same test. So the argument changed in their initial appeals brief, and they argued that a coverage endorsement, if it was a coverage-adding endorsement, is the term they constantly use. And by the way, that's a term that has no independent meaning under Texas law. You can look at any Texas case, and you will not find a separate coverage regime that applies to a coverage-adding endorsement. But they say where you have a coverage-adding endorsement, if a claim falls within that endorsement, it automatically trumps an exclusion if the exclusion would otherwise apply. We argued in our opposition brief that that, inconsistent with this Court's holding in Magic Ears, it was inconsistent with MESA, it's inconsistent with Texas Lloyd, all cases in which Texas courts have applied exclusions to limit or exclude claims that would otherwise be within a so-called coverage-adding endorsement. And so the argument changed again on reply, and it became, well, it's not that they conflict, it's that if they conflict and they apply to the same hazard, so now it's the same hazard test. Now, there is no Texas case that talks about a different rule that applies where the exclusion and the endorsement apply to the same hazard. That test was made up, and it was made up because there was no other way to get around the fact that Texas courts are very clear as to what an irreconcilable conflict is and what it is not. In this case, it is not, because coverage is not rendered meaningless or illusory. But their same hazard test has three steps. The first step is that the parties, by adopting the UREC, expressly added coverage for groundwater pollution claims. And actually, the courts they rely on, like the one for groundwater pollution claims, and the cases they rely on, like Primrose, talk about the coverage endorsement being expressed, that coverage was expressly added to cover this particular risk. Well, as I've described, the UREC doesn't expressly cover groundwater pollution claims. It doesn't mention pollution at all, and it doesn't implicitly do so either. As I've walked through the actual UREC provisions, nowhere in there is groundwater pollution coverage added. And to paraphrase courts in Columbia Casualty and Harrow Products, which we cite in our papers, why would the parties broadly exclude coverage via a total pollution exclusion for all pollution claims, carve out a very limited and exclusive time-element endorsement, if what their intent was was to cover an entirely other large category of groundwater pollution claims via the UREC without mentioning pollution at all? Wouldn't they at least have mentioned pollution in the UREC somewhere if their intent was to supersede the total pollution exclusion and the time-element endorsement? And wouldn't they have mentioned the total pollution exclusion and the time-element endorsement somewhere, as they did with exclusion J4? The parties knew exactly how to amend or adjust an exclusion when that was their intent. They did it in the UREC itself. They also did it in the time-element endorsement. But nowhere in the UREC is it mentioned that the UREC is supposed to supersede Trump or have anything to do with pollution claims, the time-element endorsement, or the total pollution exclusion. And so we would say the policy language is clear and it is unambiguous. And so you don't need to go into the rules of construction described by Mr. Street. But if you had to look as to whether their construction is reasonable under that set of facts, I acknowledge that under Texas law, if their construction is reasonable and the language is unambiguous, even if my construction is more reasonable, they would succeed. But I think it's clear here that the language is unambiguous and that their construction is not reasonable on this set of facts. Second point, they say, the coverage added via the UREC, and again, the UREC doesn't add coverage for property damage, but they say that coverage would create an irreconcilable conflict with the total pollution exclusion. But again, it does not, because the total pollution exclusion and the UREC can be read together with the UREC still applying to non-pollution claims, damage to casings, bits, pumps, etc., and to pollution claims at the time-element endorsement was satisfied. And so there is no conflict as that term has been consistently defined by Texas law. And I want to briefly mention Mr. Street tried to turn that around and say that the total pollution exclusion isn't rendered meaningless by their interpretation of the UREC. But that's not how insurance policy interpretation works. You don't look at a coverage provision and see how it applies to an exclusion and then see whether it renders it meaningless or not. That's not how you read an insurance policy. You look at an exclusion, you apply it to the policy provision, and then you see if it's rendered meaningless. And so the fact that they can come up with another type of scenario under which the exclusion is not rendered meaningless isn't how insurance policy interpretation works. And if you look at, again, Magic Years, Allstate, Texas, Lloyd, and Mesa, they very clearly show the proper interpretation. The exclusion applies to the endorsement unless the endorsement is rendered meaningless, in whole or in part. And what in part means is not that in a particular case coverage is excluded. That can't be the rule because that's what exclusions do in every case. The rule has to be that it renders the endorsement or the coverage provision meaningless or illusory. That's what all of the cases say, and that doesn't happen here. And the third step of their analysis is that the endorsement and the exclusion have to specifically say that one is subject to the other. But again, this Court said clearly in Penthouse that that's not the case. And it's inconsistent with the general rule that provisions must be read together without them each having to say that one is subject to the other or not. Brief mention of Primrose. Primrose is distinguishable here. First of all, Primrose applied to a saline endorsement. Well, Mesa also had the same holding with respect to a saline endorsement, and yet Mesa still found that there was no conflict with a URIC. The Primrose doesn't change that fact. It simply agreed with the first, I don't want to say it agreed with, but the same holding as the first half of Mesa. Primrose, most of the discussion was dicta because they did comply with a time element endorsement in that case. And it looks like I'm about out of time, so I just wanted to say thank you for your time this morning. All right, thank you, Mr. Cole. Mr. Street, you saved time for your Bible. So what about the question of whether the pollution exclusion renders the URIC meaningless? Does it or does it not render it meaningless? It renders it meaningless in part because it renders it meaningless with respect to claims for polluted groundwater. Okay, I mean it still grants coverage in the non-pollution context such as depletion, is that correct? Correct, correct. But in the Magic Years case, the first part of the Magic Years case, the court said at page 89 that it was enough if the exclusion rendered the coverage-adding endorsement meaningless in part. There it was meaningless with respect to physical abuse claims. The coverage-adding endorsement in that case continued to cover mental abuse. It was only rendered meaningless in part. So even if you were to accept Mr. Cole's three-step analysis where the most relevant question is whether the exclusion completely nullifies a coverage-adding endorsement, we would, first of all, I think he said meaningless or meaningless in part. Even if we accept that case, even if we accept that test, our URIC is rendered meaningless in part with respect to claims for groundwater pollution in the same way the endorsement was And to say this would be a fundamental change in Texas insurance law and why would somebody agree to a TPE and then have a URIC, I think the proper question is why would an energy company buy a coverage for underground resources that specifically covers physical injury to groundwater, specifically bought that endorsement, if you thought that that was overwhelmed by the total pollution exclusion? What an energy company that groundwater, polluting the underground resources. That's why you buy an underground resources and endorsement coverage. The three-part test that he came up with, I guarantee you that is nowhere found in Primrose. It is nowhere found in Magic Years. And that's because those cases deal with exclusionary endorsements and coverage-adding endorsements that both exclude and cover the same hazard. When you have that scenario, you don't ask whether the exclusion nullifies the coverage-adding endorsement. You ask whether there's any way to reconcile them. If there's not, if they both, if neither one renders the other one totally superfluous, and you look and there's no flag, as Judge Wiener said, then the insurer wins because the insured only needs to proffer one reasonable interpretation. And here's the language from Primrose that's on point. This is when the insurer makes a saline endorsement with the pollution endorsement. It says, quote, there was no mention anywhere in the policy that the saline endorsement is modified or conditioned on the pollution endorsement. Well, there's no mention here in the UREC that it's modified or conditioned on the pollution endorsement. Next sentence. If it had wanted to, the insurer, quote, could have drafted the endorsements in a manner so as to make the saline endorsement subject to the conditions found in the pollution endorsement. Well, again, Liberty could have easily made the UREC subject to the pollution endorsement. It knows how to do that. It did it with the time element endorsement. But it chose not to do so here. And for them to say that that would require going through every single endorsement and say which one is subject to the other, I think is nonsense. Because here you have an endorsement that is subject to the UREC. It's not unreasonable at all to require the insurer to specify the relation between those endorsements. And to say that if you have a conflict, if you have a conflict and the exclusion does not render the endorsement a nullity, then the insurer wins, I submit that significantly changes Texas insurance law and turns the pro-insured cannons of construction on their head. Now, Judge Smith asked earlier about the meaningless in part test. I think I've clearly addressed that on the basis of Magic Years. That policy did not, in Magic Years, the endorsement did not spell out physical abuse, mental abuse. It didn't put them in specific subsections such that you could say it was rendered meaningless in part in a way that ours is not rendered meaningless in part. Ours also goes through specific subsections and spells out the different types of coverages that are under the underground resources and equipment coverage. And physical injury to groundwater concerning pollution is completely meaningless to us. And that's the main thing we were concerned about. Now, quickly on whether this policy adds coverage, page 570 of the record, even the district court found that the UREC added coverage for polluted groundwater. It recognized there was a conflict. That's at page 570 in the record. It just thought once you found that the exclusion didn't completely nullify the endorsement, then the insurer wins. But that's not Texas law. This Court in Bayrock also said that a UREC added coverage for polluted groundwater. That's very clear in that opinion. Thank you. Roberts. Thank you, Mr. Street. Your case and all of today's cases are under submission, and the Court is in the room.